```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
                           - - -
UNITED STATES OF AMERICA,      : CASE NO. 1:09-CR-046
               Plaintiff,      : Cincinnati, Ohio
         - v -                 : Monday, January 12, 2015
                                 Afternoon Docket
DAVID KEITH BLISS,             :
               Defendant.      : INITIAL APPEARANCE
                           - - -
               TRANSCRIPT OF PROCEEDINGS
  BEFORE THE HONORABLE STEPHANIE K. BOWMAN, MAGISTRATE JUDGE
                           - - -
APPEARANCES:

For the USA:        ANTHONY SPRINGER, ESQ.
                    U.S. Attorney's Office
                    221 East Fourth Street, Suite 400
                    Cincinnati, OH  45202

For the Defendant:  KAREN SAVIR, ESQ.
                    Federal Public Defender's Office
                    250 East Fifth Street, Suite 350
                    Cincinnati, OH  45202




Courtroom Deputy:   Kevin Moser

Court Reporter:     Jodie D. Perkins, RMR, CRR
```

Proceedings reported by stenotype.
Transcript produced by computer-aided transcription.

```
 1                AFTERNOON SESSION, Monday, January 12, 2015
 2         MR. SPRINGER:  Your Honor.
 3         THE COURT:  Good afternoon.
 4         MR. SPRINGER:  Good afternoon.  Excuse me.  Good
 5  afternoon.  I think the last matter on the docket is United
 6  States versus David Bliss.  I believe this is an initial
 7  appearance on a supervised release violation hearing.
 8         THE COURT:  Thank you.
 9     Sir, are you David Keith Bliss?
10         THE DEFENDANT:  Yes, ma'am, I am.
11         THE COURT:  All right.  We're here today on an initial
12  appearance.  My job is not to decide whether you're guilty or
13  not guilty of the supervised release violations that are
14  charged.  That is a decision for Judge Barrett.  My job today
15  is just to inform you of your rights pending that decision by
16  Judge Barrett and to determine whether or not you'll be
17  detained pending that decision.
18     Do you understand that?
19         THE DEFENDANT:  Yes, ma'am, I do.
20         THE COURT:  All right.  You've been charged with
21  violating certain conditions of your supervised release.
22  Specifically, you were ordered to notify the probation officer
23  at least ten days prior to any change in your residence or
24  employment, and it is alleged as of the date of the report,
25  which was April 9th of 2014, that you had not contacted a
```

1  probation officer since an office visit in Covington, Kentucky,
2  on March 19th of 2014 and that your whereabouts had been
3  unknown.
4      There are more detailed allegations set forth in the
5  petition that Ms. Savir can go over with you if you so desire.
6      Do you understand the charge in the petition?
7          THE DEFENDANT:  Yes, Your Honor, I do.
8          THE COURT:  I need to advise you that you have the
9  right to be represented by an attorney at every stage of these
10 proceedings.  You have the right to retain an attorney.  If you
11 are unable to afford an attorney, you are entitled to the
12 appointment of counsel at the government's expense.
13     Do you understand that?
14         THE DEFENDANT:  Yes, ma'am.
15         THE COURT:  All right.  I have a financial affidavit
16 that you filled out that indicates that you would qualify for
17 the appointment of counsel.  Would you like to have counsel
18 appointed for you?
19         THE DEFENDANT:  Yes, ma'am, I would, please.
20         THE COURT:  At this time I will appoint the Federal
21 Public Defender's Office to represent you.
22     Have you received a copy of the charging document?
23         THE DEFENDANT:  Yes, ma'am, I have.
24         THE COURT:  If you haven't done so yet, you should
25 review it and then discuss with Ms. Savir how you would like to

```
 1   proceed.
 2        I also need to advise you that you have the right to remain
 3   silent and not the make any statements.  If you have previously
 4   made a statement, you do not have to say anything else.  If you
 5   start to make a statement, you can stop at any time.  Anything
 6   that you do say about the facts or merits of this case may be
 7   used against you by the government in the prosecution of this
 8   matter.  But any conversations you have with your attorney are
 9   confidential.
10        Do you understand that?
11             THE DEFENDANT:  Yes, ma'am, I do.
12             THE COURT:  All right.  I also need to advise you that
13   you have the right to a preliminary hearing to determine
14   whether there is probable cause to believe that you violated
15   the conditions of your supervised release.
16        Do you understand that right?
17             THE DEFENDANT:  Yes, ma'am.
18             THE COURT:  I also understand that you have discussed
19   that with Ms. Savir and have signed a waiver of the preliminary
20   hearing; is that correct?
21             THE DEFENDANT:  Yes, ma'am, I have.
22             THE COURT:  All right.  Thank you.
23        As to your status pending further proceedings, I can
24   release you on your own recognizance, I can release you
25   understood certain conditions, or detain you.  If the
```

1  government requests detention, you're entitled to a detention
2  hearing whereby I would then determine if there are any facts
3  or circumstances or conditions that I could impose upon you
4  that would satisfy me you would not be a flight risk or a
5  danger to the community.
6      Do you understand that?
7          THE DEFENDANT:  Yes, ma'am.
8          THE COURT:  All right.  What's the government's
9  position on bond?
10          MR. SPRINGER:  Yes, Your Honor.  The government has
11 reviewed the petition as prepared by the probation department
12 as reflected in the factual assessment.  This defendant has not
13 maintained a verified residence nor has he maintained
14 communication with the U.S. Probation Department.  As a result,
15 we concur with their recommendation that he poses both a risk
16 of harm to the public and a risk of non-appearance as scheduled
17 before this court.  We ask that he be detained.
18          THE COURT:  All right.  Thank you.
19     Ms. Savir?
20          MS. SAVIR:  Your Honor, we're going to ask that you
21 set this for a detention hearing.  I understand that there's an
22 explanation for what occurred here, and I would like a couple
23 of days to look into the matter.  So we would ask that you set
24 this on Thursday's docket.
25          THE COURT:  All right.  We'll set this for detention

```
 1  hearing on Thursday.
 2          MS. SAVIR:  Thank you, Judge.
 3          THE DEFENDANT:  Thank you.
 4          THE COURT:  Thank you.
 5     (The proceedings concluded at 2:30 p.m.)
 6
 7                          - - -
 8                   PROCEEDINGS CONCLUDED
 9                          - - -
10
11
12
13              C E R T I F I C A T E
14       I, Jodie D. Perkins, RMR, CRR, the undersigned,
15  certify that the foregoing is a correct transcript from the
16  record of proceedings in the above-entitled matter.
17
18                             s/Jodie D. Perkins
                               Jodie D. Perkins, RMR, CRR
19                             Official Court Reporter
```